[Civ. No. 10271.  Second Appellate District, Division Two.—June 29, 1935.]

RALPH E. MacDUFF, Respondent, v. EARLE C. ANTHONY, INC. (a Corporation), Appellant.

Overton, Lyman & Plumb and William R. James for Appellant.

Hanna & Morton and James M. McRoberts for Respondent.

STEPHENS, P. J.—Action for damages on contract of employment. Plaintiff was awarded judgment and defendant appeals on the judgment roll.

Prior to February 9, 1928, plaintiff-respondent and Earle C. Anthony, president of appellant corporation, held conversations, regarding the employment of respondent by appellant. Upon the date named respondent wrote the following letter to Mr. Anthony, as such president, certain nonessentials having been deleted:

"Confirming wire sent you today. I have decided to accept your proposition to become connected with your organization in accordance with our several conversations. These are, according to my understanding, as follows: The responsibility and authority for the sale of new cars at wholesale and new and used cars at retail will be vested in me, and that I will report directly to you. That other responsibilities may be assigned to me from time to time as circumstances may in your judgment warrant. My residence, until circumstances justify a change, will be in the vicinity of San Francisco, and that my time will be divided as nearly equally between Northern and Southern California as may be expedient for the good of the business. The compensation for the first year to be at a salary of $20,000.00, plus 2 per cent of the net earnings of the company after the deduction of income tax but before deduction of other bonuses; also a lump sum of $5000.00 to cover the expense of changing my place of residence. Fur-

ther, if our business relations should be terminated at any time you will pay me a lump sum of $5000.00 to cover the expense of relocation. The compensation for the second, third and succeeding years is to be left open for future discussion and agreement on the theory that the connection will either be mutually satisfactory or the reverse, and if satisfactory, my decision to join your organization has been influenced by your assurance that my compensation will be increased proportionately and equitably to the point where it will be comparable with what could reasonably be anticipated if I were to remain East and become a distributor. I appreciate that this is quite indefinite from both your standpoint and mine, but I think it will express the thought which was under discussion during our conference in San Francisco, that if I did join your organization my compensation would be equitably adjusted from year to year so that, providing my work was satisfactory to you, I could anticipate substantially increased earnings.''

To this letter Mr. Anthony responded, affirming the terms of employment set out therein. The employment was entered into and continued for something over six years, when it was terminated by mutual consent.

The judgment would seem to have been awarded upon the theory that a contract of employment for an indefinite period of time had been entered into, in which the terms of compensation for the first year were definite and the terms of compensation for the succeeding years were left open for agreement of the parties, but that the agreement to pay $5,000 to cover expense of relocation, together with all of the other terms of the agreement, continued throughout the employment. Of this we are in full approval. The complaint contains the allegation: ''That on or about the 1st day of March, 1928, pursuant to the terms of said contract, plaintiff entered the employment of the defendant and continued in the employment of the said defendant up to and including the 4th day of August, 1934. That during said period of employment the compensation of the plaintiff for his services was fixed from year to year, and agreed upon by mutual agreement between the plaintiff and the defendant. That on or about the 4th day of August, 1934, employment of the plaintiff by the defendant was terminated by mutual agreement.''
Although we have only the judgment roll before us, we know that no evidence was received to explain any ambiguity, for

the court was of the opinion and so found "that the terms of said written contract concerning said employment and the rights and obligations of the parties thereunder are clear, intelligible and unambiguous". The question, then, before us concerns the legal construction of the letter, without collateral aid.

There is a recitation in the findings of fact that "Thereafter on said day [the trial date] the parties presented their proof, oral, documentary and by stipulation, and upon the completion of the evidence the cause was argued by counsel for the respective parties." We must take it that the court was in possession of evidence supporting its findings, unless they are unsupportable. The finding that the $5,000 item under controversy was due presupposes that the evidence shows that the yearly fixing of compensation left unchanged the conditions under which such item was to be paid, to wit, when the employment ended.

We think there is no merit in the claim that there must be a showing of removal to recover the $5,000. This item is in the nature of stipulated damages or compensation. It does not purport to be confined to simple expenses of physical removal from one place of employment to another. "Further, if our business relations should be terminated at any time you will pay me a lump sum of $5000 to cover the expense of relocation." This provision could well cover loss of salary between employments, expense of seeking new employment, actual removal, *et cetera*, expenses difficult to accurately estimate and impossible to compute in advance, hence the fixing of a "lump sum".

The judgment is affirmed.

Crail, J., concurred.